FRANK X. DIPOLITO (137157)
ROSS I. LANDAU (259260)
SWAIN & DIPOLITO LLP
555 East Ocean Boulevard, Suite 600
Long Beach, California 90802
Telephone:   (562) 983-7833
Facsimile:   (562) 983-7835
E-mail: fdipolito@swaindipolito.com
        rlandau@swaindipolito.com

Attorneys for Defendant,
COLUMBIA SHIPMANAGEMENT LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV11 - 10318 SVW (SHx)

| | |
|---|---|
| HIPOLITO DEJESUS, | Case No. |
|           Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION |
|    vs. | |
| NYK CANOPUS; CODEX CARRIERS INC.; COLUMBIA SHIPMANAGEMENT LTD.; and DOES 1-20, inclusive, | |
|           Defendants. | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1333, 1441(b), and 1446, Defendant COLUMBIA SHIPMANAGEMENT LTD. hereby seeks to remove the above-entitled action from state court to the United States District Court, Central District of California, on the following grounds:

///

///

- 1 -

1.   The Complaint in the captioned case was filed September 28, 2011, in the Superior Court of California, County of Los Angeles, South District, Case No. NC056631.  There have been no proceedings in the case since that date.

2.   This action is brought by a longshoreman to recover damages for alleged personal injuries said to have been suffered alongside or aboard the M/V NYK CANOPUS, a ship on the navigable waters of the United States, on or about October 8, 2009, as a result of the alleged negligence of the defendants.

3.   On or about November 16, 2011, Defendant COLUMBIA SHIPMANAGEMENT LTD. received copies of the Summons and Complaint in this case, and was thereby notified for the first time of the pendency of this action.

4.   COLUMBIA SHIPMANAGEMENT LTD. is informed and believes and on that basis alleges that none of the other named defendants have been properly joined and served, and have not appeared in the state court action.

5.   The above-entitled cause involves a controversy which is wholly between a citizen of a State and citizens or subjects of foreign states, in that at the time of the commencement of the state court action, and at present: (a) Plaintiff was and is a citizen and domiciliary of the State of California; (b) Defendant COLUMBIA SHIPMANAGEMENT LTD. was and is a corporation organized and existing under the laws of the Republic of Cyprus; (c)

Notice of Removal of Civil Action

Defendant CODEX CARRIERS INC., was and is a corporation organized and existing under the laws of the Republic of Panama; and (d) Defendant NYK CANOPUS was and is a Liberian-flagged cargo vessel operating under the vessel name "MSC MOZAMBIQUE."

6.   COLUMBIA SHIPMANAGEMENT LTD. is informed and believes and on that basis alleges that none of the named defendants had at the time of commencement of this action and do not now have a principal place of business in the State of California.

7.   Based on conversations between undersigned counsel and the plaintiff's attorney, the plaintiff alleges he suffered special damages in excess of $100,000.00, consisting of no less than $15,000.00 in medical expenses, and $85,000.00 in lost wages, plus loss of earning capacity and general damages. Therefore, Defendant COLUMBIA SHIPMANAGEMENT LTD. is informed and believes and on that basis alleges that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.   This case is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties with the requisite sum in controversy; and under 28 U.S.C. § 1333, in that the plaintiff has sued for an alleged maritime tort occurring upon the navigable waters of the United States.

///

Notice of Removal of Civil Action

9.    The case is removable pursuant to 28 U.S.C. §1441(a) and (b), and the thirty-day time period established by 28 U.S.C. §1446(b) within which defendants are required to file this Notice of Removal has not yet expired.

10.    Defendant COLUMBIA SHIPMANAGEMENT LTD. has obtained Defendant CODEX CARRIERS INC.'s joinder in this Notice of Removal, if and to the extent its joinder is required.  Defendant NYK CANOPUS, a cargo vessel, was improperly sued _in rem_ in the state court action and, as such, its joinder in this Notice of Removal is not required.

11.    COLUMBIA SHIPMANAGEMENT LTD. files herewith true and correct copies of all process, pleadings, and orders served upon them in the state court action, which are attached hereto as Exhibit "A."

12.    Concurrent with the filing of this Notice of Removal, COLUMBIA SHIPMANAGEMENT LTD. filed a Notice of Removal of Case to Federal Court in the Superior Court of California, Los Angeles County, South District, a true and correct copy of which is attached hereto as Exhibit "B."

///
///
///
///
///

Notice of Removal of Civil Action

1     WHEREFORE Defendant COLUMBIA SHIPMANAGEMENT LTD. requests

2  that the captioned action pending in the Superior Court of the

3  State of California, County of Los Angeles, South District, be

4  removed to this United States District Court, Central District of

5  California, for the reasons stated above, and that all

6  proceedings in the Superior Court of California be discontinued.

7

8  DATED:  December 14, 2011          SWAIN & DIPOLITO LLP

9

10                                By: _____
                                       FRANK X. DIPOLITO
11                                     Attorneys for Defendant,
                                       COLUMBIA SHIPMANAGEMENT LTD.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal of Civil Action

EXHIBIT A

ORIGINAL

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NYK CANOPUS; CODEX CARRIERS INC.; COLUMBIA
SHIPMANAGEMENT LTD.; AND DOES 1 TO 20, INCLUSIVE

**FILED**

LOS ANGELES SUPERIOR COURT

SEP 2 8 2011

JOHN A. CLARKE, CLERK

BY PAMELA HAMILTON, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HIPOLITO DEJESUS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso)* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>County of Los Angeles, South Judicial District<br>415 West Ocean Boulevard<br>Long Beach, California 90802 | **NC056631** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joel Krissman, Esq. - SBN 57531/Jarod A. Krissman - SBN 266557   (562) 435-8300   (562) 435-8304
STOLPMAN, KRISSMAN, ELBER & SILVER LLP                           Telephone            Facsimile
111 West Ocean Boulevard, Suite #1900
Long Beach, California 90802                    E-Mail: jk@skes-law.com/jarod@skes-law.com

| DATE:<br>*(Fecha)*   JOHN A. CLARKE   SEP 2 8 2011 | Clerk, by<br>*(Secretario)*   P. Hamilton | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

[SEAL] SUPERIOR COURT LOS ANGELES COUNTY CALIFORNIA

A6

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

PLD-PI-001

ORIGINAL

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):*<br>Joel Krissman, Esq. - SBN 57531<br>Jarod A. Krissman, Esq. - SBN 266557<br>STOLPMAN, KRISSMAN, ELBER & SILVER LLP<br>111 West Ocean Boulevard, Suite #1900<br>Long Beach, California 90802<br>TELEPHONE NO: (562) 435-8300    FAX NO. *(Optional):* (562) 435-8304<br>E-MAIL ADDRESS *(Optional):* jk@skes-law.com/jarod@skes-law.com<br>ATTORNEY FOR *(Name):* Plaintiff, HIPOLITO DEJESUS | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br>SEP 28 2011<br>JOHN A. CLARKE, CLERK<br>BY PAMELA HAMILTON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 415 West Ocean Boulevard
MAILING ADDRESS: 415 West Ocean Boulevard
CITY AND ZIP CODE: Long Beach, California 90802
BRANCH NAME: South Judicial District

PLAINTIFF: HIPOLITO DEJESUS

DEFENDANT: NYK CANOPUS; CODEX CARRIERS INC.; COLUMBIA SHIPMANAGEMENT LTD.; AND

CASE MANAGEMENT REVIEW

FEB 27 2012

IN DEPARTMENT   B

X DOES 1 TO 20, INCLUSIVE

| | |
|---|---|
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED *(Number):*<br>Type *(check all that apply):*<br>☐ MOTOR VEHICLE   ☒ OTHER *(specify):* General Negligence<br>  ☐ Property Damage   ☐ Wrongful Death<br>  ☒ Personal Injury   ☐ Other Damages *(specify):* | |
| Jurisdiction *(check all that apply):*<br>☐ ACTION IS A LIMITED CIVIL CASE<br>  Amount demanded   ☐ does not exceed $10,000<br>               ☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>  ☐ from limited to unlimited<br>  ☐ from unlimited to limited | CASE NUMBER:<br><br>NC056631 |

1. **Plaintiff** *(name or names):* HIPOLITO DEJESUS

   alleges causes of action against **defendant** *(name or names):* NYK CANOPUS; CODEX CARRIERS INC.; COLUMBIA SHIPMANAGEMENT LTD.; AND DOES 1 TO 20, INCLUSIVE
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. Each plaintiff named above is a competent adult
   a. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
        (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

   b. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
        (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: HIPOLITO DEJESUS v. NYK CANOPUS, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant (name):
NYK CANOPUS

  (1) ☒ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☐ a public entity (describe):

  (5) ☐ other (specify):

c. ☒ **except** defendant (name):
COLUMBIA SHIPMANAGEMENT LTD.

  (1) ☒ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☐ a public entity (describe):

  (5) ☐ other (specify):

b. ☒ **except** defendant (name):
CODEX CARRIERS INC.

  (1) ☐ a business organization, form unknown
  (2) ☒ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☐ a public entity (describe):

  (5) ☐ other (specify):

d. ☐ **except** defendant (name):

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity (describe):

  (4) ☐ a public entity (describe):

  (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants (specify Doe numbers): 1 TO 20, INCLUSIVE   were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants (specify Doe numbers): 1 TO 20, INCLUSIVE   are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, **and**
a. ☐ has complied with applicable claims statutes, **or**
b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

ORIGINAL

A 8

PLD-PI-001

| SHORT TITLE: HIPOLITO DEJESUS v. NYK CANOPUS, et al. | CASE NUMBER: NC056631 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐  Motor Vehicle
    b. ☒  General Negligence
    c. ☐  Intentional Tort
    d. ☐  Products Liability
    e. ☐  Premises Liability
    f. ☐  Other *(specify)*:

11. Plaintiff has suffered
    a. ☒  wage loss
    b. ☐  loss of use of property
    c. ☒  hospital and medical expenses
    d. ☒  general damage
    e. ☐  property damage
    f. ☒  loss of earning capacity
    g. ☒  other damage *(specify):* pain and suffering; prejudgment interest

12. ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐  listed in Attachment 12.
    b. ☐  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒  compensatory damages
       (2) ☐  punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
    (1) ☒  according to proof
    (2) ☐  in the amount of: $

15. ☒  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    5.a.; 5.b.; 5.c.; GN-1.

Date:  September 28, 2011

Joel Krissman, Esq./Jarod A. Krissman, Esq.
(TYPE OR PRINT NAME)

▶ *Joel Krissman*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

A9

PLD-PI-001(2)

| SHORT TITLE: HIPOLITO DEJESUS v. NYK CANOPUS, et al. | CASE NUMBER: |
|---|---|
| | NC056631 |

FIRST                     CAUSE OF ACTION—General Negligence                     Page 4
(number)

ATTACHMENT TO  [x] Complaint    [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1.  Plaintiff *(name)*:    HIPOLITO DEJESUS

alleges that defendant *(name)*:    NYK CANOPUS; CODEX CARRIERS INC.; COLUMBIA
SHIPMANAGEMENT LTD.; AND

[x] Does _____1_____ to _20, INCLUSIVE_

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  or about October 8, 2009
at *(place)*:  Pier 245, 1521 Pier J Avenue
Long Beach, California 90802
*(description of reasons for liability)*:

DEFENDANTS, AND EACH OF THEM, NEGLIGENTLY OWNED, OPERATED, MANAGED, LEASED,
LOANED, RENTED, SOLD, REPAIRED, MAINTAINED, USED, ALLOWED TO BE USED,
ENTRUSTED, SAILED, NAVIGATED, AND DOCKED A CARGO CONTAINER VESSEL WHICH HAD
AN UNSAFE, UNSEAWORTHY, AND DEFECTIVE GUARD OR SAFETY RAIL.  THIS UNSAFE AND
DEFECTIVE CONDITION CAUSED PLAINTIFF HIPOLITO DEJESUS TO SUSTAIN THE INJURIES
AND DAMAGES COMPLAINED OF HEREIN.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Legal
Solutions
Plus

Code of Civil Procedure 425.12

A 10

**ORIGINAL**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joel Krissman, Esq. - SBN 57531<br>Jarod A. Krissman, Esq. - SBN 266557<br>STOLPMAN, KRISSMAN, ELBER & SILVER LLP<br>111 West Ocean Boulevard, Suite #1900<br>Long Beach, California 90802<br>TELEPHONE NO.: (562) 435-8300   FAX NO.: (562) 435-8304<br>ATTORNEY FOR (Name): Plaintiff, HIPOLITO DEJESUS | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>SEP 28 2011<br><br>JOHN A. CLARKE, CLERK<br><br>BY PAMELA HAMILTON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 415 West Ocean Boulevard
MAILING ADDRESS: 415 West Ocean Boulevard
CITY AND ZIP CODE: Long Beach, California 90802
BRANCH NAME: South Judicial District

CASE NAME: HIPOLITO DEJESUS v. NYK CANOPUS, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | NC056631<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): One (1)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2011

Joel Krissman, Esq./Jarod A. Krissman, Esq.
(TYPE OR PRINT NAME)                    ► _____
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

A11

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, **you must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

A12



**ORIGINAL**

| SHORT TITLE: HIPOLITO DEJESUS v. NYK CANOPUS, et al. | CASE NUMBER **NC056631** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [ X ] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [ X ] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ X ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1. (4.) |

| ACIV 109 (Rev. 03/11)<br>ASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|

LA-CV109

A13

| SHORT TITLE: | HIPOLITO DEJESUS v. NYK CANOPUS, et al. | CASE NUMBER | |
|---|---|---|---|

NC056631

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

A14

| SHORT TITLE: HIPOLITO DEJESUS v. NYK CANOPUS, et al. | CASE NUMBER | NCO56631 |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4



SHORT TITLE: HIPOLITO DEJESUS v. NYK CANOPUS, et al.

CASE NUMBER

**NC056631**

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | Pier 245<br>1521 Pier J Avenue |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Long Beach | CA | 90802 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Long Beach _____ courthouse in the _ South Judicial _ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: September 28, 2011

(SIGNATURE OF ATTORNEY/FILING PARTY)

Joel Krissman, Esq./Jarod A. Krissman, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

A16

**FILED**
LOS ANGELES SUPERIOR COURT

Reserved for Clerk's File Stamp

SEP 28 2011

JOHN A. CLARKE, CLERK

BY PAMELA HAMILTON, DEPUTY

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**415 W. Ocean Blvd., Long Beach, CA  90802**

PLAINTIFF:

DEFENDANT:

## ORDER TO SHOW CAUSE HEARING

CASE NUMBER:
**NC056631**

To party/ attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on:

Date: 12-11   Time: 8:30a.m.   Dept.: B        Address: 415 W. Ocean Blvd., Long Beach  90802

and show cause why sanctions should not be imposed for:

☑ Failure to file:

☑ Proof of Service of ☐ Petition ☑ Summons and ☑ Complaint ☐ Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:_____

☐ Request for Entry of Default pursuant to California Rules of Court, rule 3.110(g) as to:_____

☐ Request for Entry of Default Judgment pursuant to California Rules of Court:
   ☐ rule 3.110(h)        ☐ rule 3.740(f)     as to:_____

☐ Request to Set Case for Trial-Unlawful Detainer.

☐ Case Management Statement pursuant to California Rules of Court, rules 3.720-3.730.

☐ Request for Dismissal
   ☐ as to remaining defendants
   ☐ as to cross-complaint
   ☐ pursuant to settlement agreement
   ☐ other _____

☐ Judgment pursuant to court order.

☐ (Other)_____

☐ Failure to appear as ordered on _____ ☐ regarding _____

☐ Failure to file any and all papers/documents necessary to bring the matter to trial or effect a final disposition as to all issues and parties to the action.

☐ (Other)_____

A 17

| Short Title | Case Number |
|---|---|
| | |

Failure to comply or appear may result in sanctions, pursuant to one or more of the following:  Califomia Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

☑ To avoid a mandatory appearance all required documents must be filed in ☐ this Dept  ☑ Clerk's Office, Room  207  at least 5 court days prior to the date of the hearing.

☐ The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

☐ Your are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.


Dated: _____         _____
                                                     Judicial Officer

---

## CERTIFICATE OF MAILING

. I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Hearing** upon each party or counsel named below/above by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.


JOHN A. CLARKE, Executive Officer/Clerk


Dated: _____     By: _____
                                                        (Deputy Clerk)

LACIV 166  (Rev. 09/08)          **ORDER TO SHOW CAUSE HEARING**          Page 2 of 2
LASC Approved 06-04                                                      LASC Local Rules, Chapter 7
                                                                        Cal. Rules of Court, rule 2.30

A 18

**FILED**

LOS ANGELES SUPERIOR COURT

SEP 28 2011

JOHN A. CLARKE, CLERK

BY PAMELA HAMILTON, DEPUTY

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
415 W. Ocean Blvd., Long Beach  90802

PLAINTIFF:

DEFENDANT:

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

**NC056631**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 2-27-12     Time: 8:30 a.m.     Dept.: B

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  SEP 28 2011

_____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated:  SEP 28 2011

By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730

LASC Local Rules, Chapter Seven

A19

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Ross M. Klein | 86 | 208 | | | |
| ✓ Hon. Patrick T. Madden | B | 42 | | | |
| Hon. Joseph E. DiLoreto | H | 53 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV _____ 190 (Rev. 04/07)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Page 1 of 2

*A 20*

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and proof of service shall be filed within 60 days after the filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

LACIV _____ 190 (Rev. 04/07)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 2 of 2

A21

EXHIBIT B

```
1 │ FRANK X. DIPOLITO (137157)
  │ ROSS I. LANDAU (259260)
2 │ SWAIN & DIPOLITO LLP
  │ 555 East Ocean Boulevard, Suite 600
3 │ Long Beach, California 90802
  │ Telephone:  (562) 983-7833
4 │ Facsimile:  (562) 983-7835
  │ E-mail: fdipolito@swaindipolito.com
5 │         rlandau@swaindipolito.com
6 │ Attorneys for Defendants,
  │ COLUMBIA SHIPMANAGEMENT LTD.
7 │
8 │          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 │           COUNTY OF LOS ANGELES - SOUTH DISTRICT
10│
11│ HIPOLITO DEJESUS,              )   Case No. NC056631
  │                                )
12│            Plaintiff,          )   Honorable Patrick T.
  │                                )   Madden
13│    vs.                         )   Dept. B
  │                                )
14│ NYK CANOPUS; CODEX CARRIERS INC.; )  NOTICE OF REMOVAL OF CASE
  │ COLUMBIA SHIPMANAGEMENT LTD.; and )  TO FEDERAL COURT
15│ DOES 1-20, inclusive,          )
  │                                )
16│            Defendants.         )   COMPLAINT FILED: 9/28/11
  │                                )
17│ ───────────────────────────────)
18│
19│      TO THE CLERK OF THE ABOVE-ENTITLED COURT:
20│      PLEASE TAKE NOTICE that Defendant COLUMBIA SHIPMANAGEMENT
21│ LTD. has filed in the United States District Court for the
22│ Central District of California a Notice of Removal of Civil
23│ Action to said United States District Court based on 28 U.S.C. §§
24│ §§1332 and 1333, and that a copy of said Notice of Removal of
25│ Civil Action is on file with the above-captioned court.  A copy
26│ of said Notice of Removal is attached hereto as Exhibit "A."
27│ ///
28│ ///
```

B22

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. Section 1446(d), the filing of said Notice of Removal of Civil Action in the United States District Court, together with the filing of a copy of said Notice of Removal of Civil Action with this Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded.

DATED:      December 14, 2011          SWAIN & DIPOLITO LLP

                                       By: _____
                                            FRANK X. DIPOLITO
                                            Attorneys for Defendant,
                                            COLUMBIA SHIPMANAGEMENT LTD.

Notice of Removal of Case to Federal Court

B23

**DECLARATION OF SERVICE**

1      I, the undersigned, certify and declare as follows:

     I am employed in the County of Los Angeles, State of California and am over the age of eighteen and not a party to this action.  My business address is 555 East Ocean Boulevard, Suite 600, Long Beach, California 90802.

     On December 14, 2011, I served the foregoing *NOTICE OF REMOVAL OF CASE TO FEDERAL COURT* as follows:

     [ ]   by personal delivery of a true copy thereof to:

     [√]   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Long Beach, California, addressed as follows:

Joel Krissman, Esq.
Jarod A. Krissman, Esq
STOLPMAN, KRISSMAN, ELBER & SILVER LLP
111 West Ocean Blvd., Suite 1900
Long Beach, CA 90802

     [√]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     [ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on December 14, 2011, in Long Beach, California.

Victoria Mathis

**DECLARATION OF SERVICE**

I, the undersigned, certify and declare as follows:

I am employed in the County of Los Angeles, State of California and am over the age of eighteen and not a party to this action.  My business address is 555 East Ocean Boulevard, Suite 600, Long Beach, California 90802.

On December 14, 2011, I served the foregoing *NOTICE OF REMOVAL OF CIVIL ACTION* as follows:

[ ]  by personal delivery of a true copy thereof to:

[√]  by placing a true copy thereof enclosed in a sealed
     envelope with postage thereon fully prepaid in the
     United States mail at Long Beach, California, addressed
     as follows:

Joel Krissman, Esq.
Jarod A. Krissman, Esq
STOLPMAN, KRISSMAN, ELBER & SILVER LLP
111 West Ocean Blvd., Suite 1900
Long Beach, CA 90802

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[√]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 14, 2011 in Long Beach, California.

_____
Victoria Mathis